Filed 7/28/26  P. v. Eastman CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>JOSEPH CLARENCE EASTMAN,<br><br>　　　Defendant and Appellant. | F089909<br><br>(Super. Ct. No. CRF75962)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  Kevin M. Seibert, Judge.

Vicki Hightower, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Hill, P. J., Franson, J. and Harrell, J.

A jury convicted defendant Joseph Clarence Eastman of possession of methamphetamine for sale. Defendant's appellate counsel makes no claim of error and requests our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. (See also *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the relevant facts of the case. Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On November 1, 2024, Officer Rylan Matyshock of the Sonora Police Department contacted defendant while responding to a report of an abandoned vehicle that was occupied by defendant within 600 feet of a high school. When defendant stepped from the driver's seat of the vehicle, he dropped an orange syringe cap and then tried to cover it with his foot. After Officer Matyshock sat defendant on the sidewalk, defendant admitted that he had a syringe and pipe in the passenger seat of the vehicle, which officers subsequently found.

Upon returning to defendant, officers noticed a waist bag located approximately one foot behind defendant that had not been there previously. The bag contained more than $100 in small denominations and approximately 30 grams (27.8 grams) of methamphetamine. The bag also contained pipes with white residue, capped and uncapped syringes, and clear baggies used to store individual-size amounts of drugs. Defendant later admitted that the bag belonged to him and that the methamphetamine had been given to him. Defendant also had approximately 0.69 grams of methamphetamine on his person. Defendant admitted he had been using methamphetamine when officers approached his vehicle.

2.

Officers also located drug paraphernalia, packaging materials, a digital scale and two cellular phones in defendant's vehicle. The cellular phones were searched and contained over 200 text messages involving drug sales.

An expert in drug sales testified that the evidence presented was consistent with the possession of methamphetamine for sale.

Defendant testified that he had been using methamphetamine for 18 years but did not sell it. The bag found on the sidewalk did not belong to him and another individual had thrown it there as they ran away. Defendant possessed the packaging materials to store marijuana. He testified that the cellular phones had belonged to someone else and that the text messages must have belonged to the individual who gave him the phone.

The District Attorney of Tuolumne County filed an amended information on January 13, 2025, charging defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and alleging that defendant committed the crimes within 1000 feet of a school (*id*., § 11353.6, subd. (b)) and had suffered a prior strike conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12). Defendant pleaded not guilty and denied all allegations. After a three-day trial, the jury convicted defendant and found he committed the offense within 1000 feet of a school. Defendant admitted his prior strike.

Defendant filed an invitation to the trial court to strike his prior serious felony conviction on April 10, 2025. Relying upon defendant's lengthy criminal history and recent criminal conduct occurring less than a year after release from prison, the prosecutor opposed defendant's request.

The trial court declined defendant's invitation to strike his prior serious felony conviction and sentenced defendant to four years in prison (two years doubled due to his prior strike conviction) and struck the four-year term for the section 11353.6, subdivision (b) enhancement. The court also ordered defendant to pay a $1,200 restitution and stayed restitution parole revocation fee.

Defendant filed a timely appeal on June 2, 2025.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.